JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-2491-KK-DTBx** | Date: | February 12, 2024 |
|---|---|---|---|
| Title: | *Kenneth Lorenzo Roundtree v. Navy Federal Credit Union* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute

## I. PROCEDURAL HISTORY

On November 1, 2023, plaintiff Kenneth Lorenzo Roundtree ("Plaintiff") filed a Complaint in Riverside County Superior Court alleging defendant Navy Federal Credit Union ("Defendant") violated the Truth in Lending Act and the Uniform Commercial Code. ECF Docket No. ("Dkt.") 1-1. The action was removed this court on December 7, 2023 pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Dkt. 1.

On December 14, 2023, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim ("Motion"). Dkts. 7, 8. Plaintiff's Opposition to the Motion was due by January 11, 2024. See L.R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing). Plaintiff failed to file an Opposition or otherwise respond by the required date.

On January 17, 2024, in light of Plaintiff's failure to file an Opposition, the Court issued an Order granting the Motion and dismissing the Complaint with leave to amend pursuant to Local Rule 7-12 ("failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"). Dkt. 12. The Court ordered Plaintiff to file a First Amended Complaint no later than January 31, 2024. Id. The Court expressly warned Plaintiff that "**failure to timely file a First Amended Complaint will result in this action being**

**dismissed for failure to prosecute and comply with Court orders.**" Id. (citing FED. R. CIV. P. 41(b)) (emphasis added).

The deadline for filing a First Amended Complaint pursuant to the Court's January 17, 2024 Order has passed. To date, Plaintiff has not filed a First Amended Complaint or otherwise responded to the Court's Order.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See FED. R. CIV. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff did not file an Opposition to the Motion to Dismiss, and has not filed a First Amended Complaint as required by the Court's January 17, 2024 Order or otherwise responded to the Court's Order. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See dkt. 12. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file an amended complaint or obey court orders within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by failing to file an amended complaint or otherwise cooperate in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see dkt. 12.

### III.
### CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.  **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**